CRAVENS *et al.*, Appellants, v. FAULCONER *et al.*, Respondents.

1. It is not necessary, in order to give validity to a will, that the testator should actually sign the same in the presence of the attesting witnesses.
2. The attesting witnesses must subscribe their names to the will in the presence of the testator; but it is not necessary that they should subscribe in the presence of each other.
3. In a statutory proceeding to contest the validity of a will, the burden of proof rests upon the defendants; consequently they have the right to open and close the case to the jury.

*Appeal from Clinton Circuit Court.*

*Adams*, for appellants.

I. Under our statute of wills, the subscribing witnesses must sign at the time the will is signed by the testator. (R. C. 1855, tit. Wills, § 4, 18, 19, 20, 30 and 33.)

II. Even if the witnesses could attest or sign the will at a subsequent time upon an acknowledgment by the testator that he had signed it as his will, still the law requires that the witnesses themselves should sign at the same time; for they are not only to attest the corporal act of execution by the testator, but must attest his soundness of mind at the time. (R. C. 1855, tit. Wills, § 4, 18, 30 and 33; Withington v. Withington, 7 Mo. 589; Walker v. Walker, 2 Scam. 294.)

III. But whether the witnesses can sign at separate times or not, still the respondents were bound to call two of the subscribing witnesses, if to be had, and prove by them that the testator was of a sound mind when he signed the will, and therefore the second instruction asked by the appellants was improperly refused. (R. C. 1855, tit. Wills, § 4, 18, 19, 20, 30 and 33; Withington v. Withington, 7 Mo. 589; Heyward v. Hazard, 1 Bay, 335; 2 Scam. 294.)

IV. The appellants were the plaintiffs below, and they had the right to open and conclude the argument to the jury. This is the universal practice, and it was error in the court to refuse them this privilege. It gave an undue advantage to the respondents to which they were not entitled.

*Hall*, for respondents.

I. It is not necessary that the witnesses should attest the will at the time the testator signs it, nor is it necessary that they should attest it at the same time. (1 Jarman on Wills, 115; 2 Greenl. Ev. § 676; 4 Kent, 580; 3 Greenl. 59; R. C. 1855, p. 1567, § 6.) The second instruction asked by plaintiffs was properly refused. It is based on the supposition that both witnesses must attest the will at the time it is signed. The third instruction was also properly refused.

II. The defendants were properly permitted to open and close. The issue before the jury was " whether the writing produced was the will of the testator or not." That is the issue and the only issue allowed by the statute in cases of this sort. The defendants affirmed: the plaintiffs denied.

(1 Greenl. Ev. § 77 ; Hawkins v. Simmes, 13 B. Mon. 269 ; Rogers v. Thomas, 1 B. Mon. § 30 ; Act concerning Wills, R. C. p. 1571, 1572.) Even if the court below erred in awarding the opening and closing the case to the defendants, it is not such an error as this court will notice. (Wade v. Scott, 7 Mo. 515.)

RICHARDSON, Judge, delivered the opinion of the court.

This was a proceeding to contest the validity of the will of Nelson Faulconer, and the only questions in the case are, whether the testator must actually sign his will in the presence of the attesting witnesses, and whether it is necessary for the witnesses to subscribe their names to the will in the presence of each other.

The fourth section of our statute of wills directs that " every will shall be in writing, signed by the testator, or by some person by his direction in his presence ; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testator ;" and it is almost a transcript of the English statute of 29 Char. II, which requires all devises and bequests of land to be in writing and signed by the testator or by some person in his presence and by his express direction, and to be attested and subscribed in the presence of the devisor by three or four witnesses. It is manifest that the provision of our act in question was borrowed from the British statute, which has so often been under the consideration of their courts that it has become well settled by a long continued and uniform construction, which we can not disregard. The witnesses must subscribe their names in the presence of the testator in order that they may not impose a different will on him, but it is not necessary that they shall attest the very act and *factum* of signing by the testator. Though he must do some act declaring it to be his will, no particular form of words is required ; and it is uniformly held that it is not necessary that the testator shall actually sign his name to the will in

the presence of the attesting witnesses; but the acknowledgment by the testator that the name signed to the instrument is his, or that the paper is his will, is sufficient. (1 Jarman on Wills, 72; 1 Powell on Devises, 83; 4 Kent, 516; 2 Greenl. Ev. § 676.)

It was once supposed that the acknowledgment by the testator must take place in the simultaneous presence of all the witnesses, but it has long since been decided and uniformly held in England, until the statute of 1 Vict. and by the American courts in construing similar provisions to ours, that it is not necessary to the due execution of a will that all the attesting witnesses shall subscribe their names at the same time or in the presence of each other. (1 Jarman on Wills, 72; Powell on Devises, 110; 4 Kent 516; 2 Greenl. Ev. § 676; Deney v. Deney, 1 Metc. 342.) It is the business of the subscribing witnesses not merely to attest the corporal act of signing by the testator, but to " try, judge and determine whether the testator is *compos* to sign ;" and though the heir has the right to have the sanity of the testator proved by all the witnesses whom the statute has placed about his ancestor, it has never been held that the witnesses must subscribe in the presence of each other. The case in 2 Scam. 294, cited by the plaintiffs, is not in point, for it depends on the statute of Illinois, which is essentially different from ours.

The eighteenth section of our statute, cited by the plaintiffs to support their view, in our opinion warrants a contrary inference. The seventeenth section provides, that if any witness shall be prevented by sickness from attending at the time any will may be produced for probate, or resides out of the state or more than forty miles from the place where the will is to be proved, the court or clerk shall issue a commission directed to any judge, &c., authorizing him to take and certify the attestation of such witness. And the eighteenth section prescribes what the witness shall prove, namely, that the testator signed the writing annexed to the commission as his last will, or that some other person signed it by his direc-

tion and in his presence; that he was of sound mind, and that the witness subscribed his name thereto in the presence of the testator. It is not required to be proved that the witness subscribed his name in the presence of the other witnesses; and if the testimony of each witness is taken separately under the directions of the seventeenth section, and proves no more than is required by the eighteenth, a will would be established though it did not appear from the testimony of either of them that all of them signed at the same time, or in the presence of each other.

The only issue in the case under the thirtieth section of the statute was whether the writing produced was the will of the testator or not, and as the *onus* was on the defendants, they had the right to open and close the case. (1 Greenl. Ev. § 77.)

Judge Scott concurring, the judgment will be affirmed. Judge Napton absent.