## JOHN GAYLOR'S APPEAL FROM PROBATE.

The statute with regard to the execution of wills, prior to the revision of 1875, provided that all wills should be attested "by three witnesses, all of them subscribing in the presence of the testator." Held not to be necessary that the witnesses should also have subscribed in the presence of each other.

Upon a question as to the validity of the execution of a will, a counsellor of long experience in this state was offered as a witness, to show what had been the practice as to requiring the witnesses to a will to subscribe their names in the presence of each other, for the purpose of showing what the law was upon the point in question. Held that the court properly rejected the testimony.

The judge, who alone is to decide as to the law, may if he desires ask the counsel of those who are learned in the law, but a party has no right to introduce such persons as witnesses.

APPEAL from a decree of a court of probate approving the last will of Louis Gaylor deceased; taken to the Superior Court in Fairfield County. The case was tried to the jury, before *Sanford, J.,* and a verdict rendered for the appellees. The appellant moved for a new trial for error in the rulings of the court. The case is fully stated in the opinion.

*D. B. Lockwood,* in support of the motion.

1. Evidence of usage is admissible to aid in interpreting statutes, the language of which is doubtful. Broom's Legal Maxims, 684, 685, 931; Sedgwick on Const. & Stat. Law, 215–220; Townshend's Ram on Legal Judgments, 39, 40, 122; *The King* v. *Bellringer*, 4 T. R., 819, 821; *Magistrates of Dunbar* v. *Duchess of Roxburgh*, 3 Cl. & Fin., 354; *Pochin* v. *Duncombe*, 1 Hurl. & Norm., 856; *Fermoy Peerage case*, 5 H. L. Cases, 716; *Polk* v. *Hill*, 2 Overt., 118. The general understanding of lawyers is evidence of what the law is. *Grant* v. *Gunner*, 1 Taunt., 448; *Smith* v. *Earl of Jersey*, 2 Brod. & Bing., 611.

2. The statute of 29 Car. II. contemplated that the witnesses should sign in the presence of each other. 1 Redf. on Wills, ch. 6, sec. 4; 4 Kent Com., 515; *Ellis* v. *Smith*, 1 Ves. Jr., 11; *Mickle* v. *Matlack*, 17 N. Jers., 104; *Jauncey* v. *Thorne*, 2 Barb. Ch., 56. And in 1837 a new statute of wills was passed, requiring that two or more witnesses should be present *at the same time.* *Chase* v. *Kittredge*, 11 Allen, 49. The phrase *"all* of them," instead of "each of them," shows that all were to be present at the time of attestation. *Hoysradt* v. *Kingman*, 22 N. York, 372, 377. As to the meaning of "attest," see *Griffiths* v. *Griffiths*, Law Rep., 2 Prob. & Div. Cas., 300. It is a rule of construction of statutes that they are to be so construed that all parts shall have effect. Potter's Dwarris on Statutes, 189; Sedgw. on Const. & Stat. Law, 200 and note *a; Commonwealth* v. *Alger*, 7 Cush., 89. The attestation clause as in use for over a century, contemplates the signing in presence of each other.

*M. W. Seymour*, contra.

CARPENTER, J. The question before the jury was, whether a paper purporting to be the last will and testament of Louis Gaylor was duly attested. The appellant claimed that it was not, for the reason that it did not appear that the attesting witnesses subscribed their names thereto in the presence of each other. The statute, which was in force when the will was executed, is as follows:—"All wills shall be in writing,

subscribed by the testator, and attested by three witnesses, all of them subscribing in his presence." Gen. Statutes, Rev. 1866, p. 402.

On the trial the appellant offered to prove by William K. Seeley, Esq., an attorney and counsellor at law, the practice and usage regarding the execution of wills, with respect to the witnesses thereto signing the same in the presence of each other, for the purpose of showing what the law is. But the court rejected the testimony. The evidence was offered as bearing upon a question of law, and not upon any question of fact which the jury were to pass upon.

The construction of the statute was a matter for the court and not for the jury. In construing the statute the judge might, had he chosen to do so, have called to his aid the wisdom and experience of eminent counsel, but he was not bound to do it, and his refusal to do so is not erroneous.

The court, contrary to the request of the appellant, instructed the jury that the subscribing witnesses need not subscribe their names to the will in the presence of each other.

In 1719 the Colonial Legislature enacted as follows: "That no wills or testaments, bearing date at any time after the first day of January next ensuing the end of the present session of this Assembly, wherein there shall be any devise or devises of real estate, shall be held good and allowed for any such devise or devises, if they are not witnessed by three witnesses, all of them signing in the presence of the testator." Colonial Records, Vol. 6, p. 143.

The law as thus enacted continued, with some verbal changes, not affecting the sense, until the revision of 1875. In 1848 the same formality was required in wills of personal estate. We do not find that the question now before us was ever made before.

The form of the attestation clause as given in Niles's Civil Officer requires the witnesses to subscribe their names in the presence of each other. For this reason doubtless the practice became quite common to have all the witnesses present and subscribe their names at the same time. The question now

squarely presented is, whether the statute makes this an essential requisite to the validity of a will.

Judge Swift, (1 Swift's Dig., 136,) lays down this doctrine: "It is not necessary that the witnesses should all attest the will at the same time, in the presence of the testator, and in the presence of each other, though this is the usual and preferable mode; but he may acknowledge the signature to them separately, and their attestation will be good."

Prior to 1837 the law was regarded as well settled in England that the witnesses need not subscribe in the presence of each other. In that year an act of Parliament declares that every will shall be signed at the foot thereof, &c., and that "such signature shall be made or acknowledged in the presence of two or more witnesses, present at the same time, and such witnesses shall subscribe the will in the presence of the testator." Under this act it has been held that the witnesses must sign their names in each other's presence.

In New York the statute requires that the "subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses." Under this statute it has been held sufficient that each witness subscribe in the presence, and at the request of the testator, but severally and apart as respects each other. *Hoysradt et al.* v. *Kingman et al.*, 22 N. York, 372.

In Massachusetts the statute required that a will should be "attested and subscribed in the presence of the testator by three or more competent witnesses." It was held not necessary that the attesting witnesses should subscribe the will in the presence of each other. *Dewey* v. *Dewey*, 1 Met., 349.

In view of these authorities we think the charge of the court below was correct. The language of our statute existing when this will was made is explicit and entirely free from ambiguity. It only requires that all the witnesses shall subscribe their names in the presence of the testator. It would give to it a strained and unnatural interpretation to extend it so as to require them all to sign in the presence of each other.

In the revision of 1875 we find, in addition to the statute

as it previously existed, this clause inserted, "and in the presence of each other." But that cannot affect the validity of any will previously executed. .

A new trial must be denied.

In this opinion the other judges concurred.