Filed May 24, 1886.

———◆———

No. 12,476.

### Johnson et al. *v.* Johnson.

Will.— *Witnesses.—Not Necessary to Attest at Same Time or in Each Other's Presence.*—Under the statutes of this State it is not necessary that the subscribing witnesses to a will shall attest it at the same time and in presence of each other.

From the Vigo Circuit Court.

*C. F. McNutt, J. G. McNutt, S. C. Davis* and *S. B. Davis,* for appellants.

*B. E. Rhoads, W. Mack, W. Eggleston* and *E. Reed,* for appellee.

ELLIOTT, J.—The will of Cornelius Johnson, which is here the subject of controversy, was written and signed by the testator in August, 1858, and was then attested by one of the subscribing witnesses, Daniel Budd, but it was not attested by the other subscribing witness, James Ray, until the following December, when he signed as a witness at the testator's request. The contention of the appellant is that the subscribing witnesses should have attested the will at the same time, and this presents the pivotal question in the case.

It was the common law, until the change made by express statute in 1837, that it was not necessary that the subscribing witnesses should attest the will at the same time, or in each other's presence. *Jones* v. *Lake,* 2 Atk. 176n; *Ellis* v. *Smith,* 1 Vesey, Jr., 11; *White* v. *Trustees of British Museum,* 6 Bing. 310; *Wright* v. *Wright,* 7 Bing. 457; *Jauncey* v. *Thorne,* 2 Barb. Ch. 40.

This rule was changed by a statute enacted in 1837, which requires that the will shall be simultaneously attested by the witnesses. 1 Jarman Wills (5th Am. ed.), 254. Our statute does not in express terms require that the witnesses shall subscribe the will at the same time, but is similar to the English statute as it existed prior to the change made in 1837, and the well settled rule that a statute taken from another country shall be deemed to carry with it the construction placed upon it by the courts of that country, would seem to make it clear that it is our duty to adopt the construction given the statute by the English courts. If we yield to this principle, then we must hold that it is not necessary that the witnesses should simultaneously subscribe their names to the attesting clause of the will. This view is well supported by authority. Following the decision in

*Hoysradt* v. *Kingman*, 22 N. Y. 372, it was decided in *Barry* v. *Brown*, 2 Dem. (N. Y.) 309, that "It is an unimportant circumstance that this acknowledgment and publication were made to the witnesses on different occasions, and when they were apart from each other." In speaking of a statute very similar to ours it was said by the Supreme Court of Connecticut, that "The language of our statute existing when this will was made is explicit and entirely free from ambiguity. It only requires that all the witnesses shall subscribe their names in the presence of the testator. It would give to it a strained and unnatural interpretation to extend it so as to require them all to sign in the presence of each other." *Gaylor's Appeal*, 43 Conn. 82. A similar ruling was made by the Supreme Court of Massachusetts, in *Dewey* v. *Dewey*, 1 Met. 349, and in *Hogan* v. *Grosvenor*, 10 Met. 54.

The statute of Wisconsin is essentially the same as ours, and in speaking of it the Supreme Court of that State said: "It only requires that the will shall be 'attested and subscribed in the presence of the testator by two or more competent witnesses.' R. S. 650, section 2282. So far as we are aware, the cases on this subject arising under statutes similar to ours (many of which are cited in the brief of counsel for the appellant), uniformly hold that the witnesses need not attest and subscribe the will in the presence of each other. To hold otherwise would be to interpolate a provision in the statute which the Legislature has not written there, and which can not properly be implied from anything which is written." *Will of J. B. Smith*, 52 Wis. 543 (38 Am. R. 756).

Without commenting further upon the authorities, we refer to some of them, merely remarking that they will be found to fully sustain the rulings made in the cases already referred to by us. *Hoffman* v. *Hoffman*, 26 Ala. 535; *Flinn* v. *Owen*, 58 Ill. 111; *Rogers* v. *Diamond*, 13 Ark. 474; *Cravens* v. *Faulconer*, 28 Mo. 19; 2 Greenleaf Ev., section 676; 1 Redfield Wills, 219.

The appellant relies on two cases in our own reports, *Pat-*

terson v. *Ransom*, 55 Ind. 402, and *Potts* v. *Felton*, 70 Ind. 166, but in neither of these cases was the point decided. In the first of these cases, there was some discussion of the question but the case was decided upon another point, the court saying: "If the case turned upon this point, we should feel under the necessity of examining the authorities closely before deciding that such attestation would be a compliance with the statute." In the second case cited, the case turned upon an entirely different proposition of law from the one here involved, and, of course, that decision is not of controlling force here.

We fully agree with the appellant's counsel, that a will must be executed in conformity to the statute. *Patterson* v. *Ransom, supra; Herbert* v. *Berrier*, 81 Ind. 1, see p. 2; *In the Matter of Probate of Will of Hewitt*, 91 N. Y. 261. But while we agree with counsel upon this proposition, we can not concur with them that the will before us was not executed and attested as the statute requires.

Judgment affirmed.

Filed May 24, 1886.