McFarland v. Bush.

\* McFarland v. Bush.

(*Nashville.*    March 7, 1895.)

1. WILLS.    *Subscribing witness.*

The signature of a witness who does not make any mark on the instrument, or touch the pen or guide the hand which makes the signature, although written for him at his request and in his presence, is not sufficient as that of a subscribing witness to a will of realty.    (*Post, pp. 539–541.*)

Cases cited and approved: Ford v. Ford, 7 Hum., 96; Simmons v. Leonard, 91 Tenn., 183; Clark v. Thomas, 4 Heis., 422; Bates v. Taylor, 87 Tenn., 324;   Porter v, Lee, 88 Tenn., 791.

2. DICTUM.    *What is not.*

Where two or more questions, each decisive in itself of the entire case, fairly arise upon the pleadings and proof, and are fully considered and deliberately passed upon, the Court's opinion is not dictum as to any of the matters determined, although the decision might have been rested upon a single point. (*Post, pp. 541, 542.*)

FROM   WILLIAMSON.

Appeal in error from Circuit Court of Williamson County.    W. L. GRIGSBY, J.

THOMAS & HOUSE  and  JOHN H. HENDERSON  for McFarland.

\* The sufficiency of a signature by mark is the subject of an extensive note to *Re Guilfoyle*, 22 L. R. A., 370.—REPORTER.

McFarland *v.* Bush.

SMITH & DICKINSON and H. P. FOWLKES for Bush.

WILKES, J. This case presents an issue of *devisavit vel non* over the will of Mrs. S. T. McFarland. There was a verdict in favor of the will in the Court below, and the contestant has appealed and assigned errors.

The only question involved is as to the attestation of the will by one of the subscribing witnesses, James R. Barnes. The will purports to convey both personalty and land. It is admitted to be good and valid as to the personalty, but it is claimed to be inoperative as to the land, because one of the subscribing witnesses, James R. Barnes, did not write his name, nor did he make his mark or touch the pen in the hands of the other subscribing witness, Battle, who signed his name for him in his presence and at his request, and in the presence and at the request of the testatrix. All other requirements as to request by the testatrix, and the other formalities necessary to make the execution of the instrument valid and perfect as a will, were complied with, the sole question being, whether the attesting witness must make a mark upon the will to answer for and stand in place of his signature, where he is unable to write or sign his name himself and requests another party to write it for him. Barnes was examined as a witness on the trial, and stated that while he could neither read writing nor write, still he could recognize his name when written, and

he did identify the paper in controversy as the paper to which he authorized his name to be subscribed. He made this identification both from the appearance of the name and the general appearance of the paper.

The Court was requested to charge the jury that if they found the paper writing in question was witnessed by one witness, Battle, subscribing his own name as a witness at the request of the testatrix, and that this witness subscribed the name of another party, Barnes, at his request and that of the testatrix, the said Barnes not touching the pen nor guiding the hand of the party signing the same, or making his mark, this would not be sufficient attestation to pass real estate, but this was refused. We think this was error.

It has been held by this Court, in *Ford* v. *Ford,* 7 Hum., 96, that a person whose name is written by another, and who makes his mark thereto, is a good attesting witness to a will. This practice, however, is not to be encouraged or extended. 1 Jarman on Wills, 213.

This case is apparently based on the idea that not only is the witness' name written by his authority, but, in addition, he takes a part in the signing, similar to that where another person guides his hand, and he thus makes his own signature through another. But we are not inclined to extend the rule any further than it has already gone, and it has been expressly held that a writing of the name

by authority is not sufficient, unless it is accompanied by some mark or sign of the person, who thus makes it his own signature. *Simmons* v. *Leonard*, 91 Tenn., 183.

It is said this decision is a dictum on this point, the argument being that there were other questions involved in it, upon which the decision could have been, and would have been, rested. Grant this to be so, it does not make the holding and opinion in that case a dictum. The question was fairly and directly involved, fully considered and deliberately passed upon. The fact that the decision may have been rested on a different ground, even though one more satisfactory, does not place the decision in the category of a dictum, if the question was fairly raised and duly considered and decided, as was the case in *Simmons* v. *Leonard*. See *Clark* v. *Thomas, Adm'r*, 4 Heis., 422; *Boles* v. *Taylor*, 3 Pick., 324, 325; *Porter* v. *Lea*, 4 Pick., 791.

Two or more questions properly arising in a case under the pleadings and proof may be determined, even though either one would have disposed of the entire case on its merits without the other, and neither holding will be a dictum so long as it is properly raised and considered.

It is said that making a mark, thus (X), and touching the pen is of, practically, no importance, and does not serve to aid the witness in identifying the paper in any way. This may be so, and it would be an argument against allowing marksmen to

be attesting witnesses at all, but this is not the question before us, that having been decided in *Ford* v. *Ford*, and recognized in *Simmons* v. *Leonard*. But the witness must make some kind of mark upon the instrument in order to make it his signature and in place of his signature.

The judgment must be reversed and remanded, and the costs will be paid out of the estate.