## LOUIS G. GATES AND B. A. MAN v. HERBERT S. GATES.[1]

July 8, 1921.

No. 22,327.

**Alteration of will by witnesses.**

1. It is not necessary under our statutes that witnesses to a will sign as such in the presence of each other, though each must sign at the instance, express or implied, of the testator and in his conscious presence.

[1]Reported in 183 N. W. 958.

**Findings supported by evidence.**

2. The evidence made the question whether there was a legal and sufficient attestation of the will here involved one of fact, and the findings of the court thereon are sufficiently supported by competent proof.

**Rulings on evidence.**

3. The record presents no error in the rulings of the admission or exclusion of evidence.

Herbert S. Gates filed objections in the probate court for Winona county to the allowance of the will of George L. Gates, deceased. After hearing, the court, Looby, J., disallowed the probate of the will. From the order of disallowance, Lewis G. Gates and B. A. Man appealed to the district court for that county. The appeal was heard by Callaghan, J., who made findings and reversed the order of the probate court. The motion of Herbert S. Gates for amended findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, Herbert S. Gates appealed. Affirmed.

*Theo. Christianson* and *Brown, Abbott & Somsen,* for appellant.
*Webber, George & Owen,* for respondents.

BROWN, C. J.

George L. Gates, a physician and surgeon of Winona, this state, died on July 3, 1920, leaving what purported to be his last will and testament, by which he made specific disposition of his property and effects. The will was duly submitted to the probate court for allowance, to which Herbert S. Gates, a nephew of testator, interposed formal objections on the ground, among others, that the will was not the last will and testament of decedent, because not executed in conformity with the requirements of the statutes in such case made and provided. After due hearing in the probate court, it was held that the will was defectively executed and it was disallowed and probate refused. On appeal to the district court the order of the probate court was reversed, the court holding that the will had been properly executed. Judgment was so entered in the district court, from which contestant appealed.

The principal question presented is whether the evidence is sufficient to justify the conclusion that there was a legal attestation of the

will. We answer it in the affirmative. The facts are not in dispute and therefore the trial court was fully warranted in upholding the will. The testator, Dr. Gates, was a physician and surgeon of many years practice at Winona; his mental capacity is not challenged, nor is it suggested that the document in question, which purports to be his last will and testament, is not such in fact. It was prepared by an attorney at his office pursuant to directions given by the testator, and then taken by the testator to his own office, across the street from that of the attorney, for formal execution. It was there signed by him in the presence of his business associate, Dr. Muir, who subscribed the same as a witness. The parlor maid, Jennie Weir, who had been in the service of testator at his offices for several years, was then called in and requested to sign as the second witness, and she did so. The will then lay exposed on the office desk of Dr. Muir, the other witness. Testator stood at one end of the desk and Dr. Muir at the other. Miss Weir noticed the signatures of testator and Dr. Muir and testified that they were genuine; she knew the handwriting of each. The evidence taken as a whole justified the trial court in finding as a fact that Miss Weir knew that the document so signed by her was the will of Dr. Gates and that she was joining Dr. Muir in its formal execution. Her testimony on the subject is a little uncertain, occasioned no doubt by the fault of memory in recalling a transaction which occurred several years before, but that she knew the document to be the will of Dr. Gates is clear enough. There was no showing of a direct request by the testator that Miss Weir sign as a witness. The request was made by Dr. Muir, but in the immediate presence of testator, no doubt was heard by him, for it was made within his hearing, and her act in complying with the request and signing the will as a witness was in his immediate conscious presence.

On these facts we find no particular difficulty in sustaining the conclusion of the trial court that the will was properly attested and otherwise executed. The rule requiring a reasonably strict compliance with the statutes on the subject has been met and a conformity therewith shown. In the absence of a statute so requiring, it is not necessary that the testator personally request the witness to sign as such. It is sufficient, though requested by the scrivener or other person in the presence of the testator, that he acquiesce therein and accept those thus called

in to act in that capacity. In re Allen's Will, 25 Minn. 39; Madson v. Christensen, 128 Minn. 17, 150 N. W. 213, L.R.A.1916C, 1214, 1916D, 1101; Underhill, Wills, § 191; 28 R. C. L. 127. Nor is it necessary, unless required by statute, that the witnesses sign in the presence of each other. Our statutes do not require that the witnesses so sign. So far as our examination of the authorities has extended, the rule stated is generally followed in this country, though it may be different in England. 1 Underhill, Wills, § 197, and citations; Webb v. Fleming, 30 Ga. 808, 76 Am. Dec. 675; Johnson v. Johnson, 106 Ind. 475, 7 N. E. 201, 55 Am. Rep. 762; Watson v. Hinson, 162 N. C. 72, 77 S. E. 1089, Ann. Cas. 1915A, 870; Simmons v. Leonard, 91 Tenn. 183, 18 S. W. 280, 30 Am. St. 875; Will of Smith, 52 Wis. 543, 8 N. W. 616, 9 N. W. 665, 38 Am. Rep. 756. Dr. Muir, the other subscribing witness, is dead, and his testimony could not be had. The evidence is clear that the will was in fact the will of the testator, consciously made and executed by him; no doubt is cast upon the verity of the transaction by the suggestion of fraud or coercion, and a failure affirmatively to show a literal compliance with the statutory requirements as to form of execution should not prevail against it as a matter of law. The question whether the will was properly executed and attested resolves itself into one of fact or mixed law and fact; the findings of the court thereon are not clearly against the evidence and should be sustained.

The case of Tobin v. Haack, 79 Minn. 101, 81 N. W. 758, is not in point. There we applied the same rule we apply here and held that the findings in that case that the will was not executed and attested, as required by the statute, were not clearly against the evidence, and could not therefore be disturbed. There was much mystery and secrecy shown in that case, a situation not present in the case at bar. The findings of the trial court, which we sustain, differentiate the case from Maxwell v. Lake (Miss.) 88 South. 326. All the court there held was that the question whether the will was properly attested was one of fact and should have been submitted to the jury.

2. The other points made do not require discussion. They relate to the admission and exclusion of evidence upon collateral matters and, if error be present, there is no occasion for reversal for the error was without prejudice. The will is found to have been executed and attested as

required by law, and there the case must end; no other question was presented to the court below.

Finding no error in the record the judgment appealed from will be and it is in all things affirmed.