FANN *et al. v.* FANN *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed January 16, 1948.

Rehearing denied February 28, 1948.

S. S. Brown, of Woodbury, for plaintiffs in error.

Hoyt Bryson, of Woodbury, for defendants in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

On October 22, 1943 John Lee Fann executed what he intended to be his will in the office of his attorney, Mr. Hancock. He died in August, 1946 leaving an estate valued at between $40,000 and $50,000. This will recited that he omitted two brothers and one sister as beneficiaries because he had already favored them financially for as much as he cared for them to have out of his estate. This will is contested by these omitted brothers and sister. The case was tried by the Circuit Court Judge without the intervention of a jury. His finding and judgment is that the paperwriting is not the will of John Lee Fann because the attesting witnesses did not sign in the presence of each other. Upon appeal by the proponents the Court of Appeals concurred in the finding that the two attesting witnesses did not sign as such in the presence of each other, and affirmed the judgment of the Circuit Court denying probate of the instrument as his will.

The proponents of this will have filed petition for *certiorari*. We granted the writ in the hope that by a very close analysis of the evidence and investigation of the law applicable thereto, we might be able to find some way not inconsistent with the law to justify the probate of

this intended will without violating the mandate of our own statute.

Our 1941 statute carried in Williams' Code as Section 8098.4 provides that the attesting witnesses "must sign in the presence of each other." This applies to personality as well as to realty.

The attestation clause on this paperwriting under the admitted signature of the intended testator reads as follows:

"We, J. T. Smith and Edd Melton certify that we signed our names hereto as witnesses of the will of John Lee Fann at his request and in his presence and in the presence of each other on the day and date above set out.

"J. T. Smith

"Edd Melton"

Mr. Hancock, the attorney who prepared the will, including the attestation clause, and who helped to procure the intended attesting witnesses, testifies upon the trial in the Circuit Court that: "I can not say positively that when Mr. Smith and Mr. Melton signed the will as witnesses, that both were present, but it is my best impression that I saw them both come into the door together. I can not say positively that this is so, but it is my best impression now that both came into the door together. I know both signed the will and that it was done in the presence of Mr. Fann the testator, and at his request, and that Mr. Fann signed the will. I was also very particular about having the attestation clause filled out properly."

Page on Wills at Section 759 states the rule to be: "Evidence that the will was drawn and the execution supervised by one who was experienced in such subjects is competent and a presumption of fact may thereupon arise that the execution was properly accomplished, especially after a lapse of years . . . in connection with the

general presumption of regularity it may prevail as against . . . adverse evidence of one of the subscribing witnesses.''

Edd Melton, one of the subscribing witnesses, and being clerk of the Circuit Court of Cannon County, testified that he signed the paperwriting at the request of the testator but that he ''does not remember whether or not the other subscribing witness to the will, Mr. J. T. Smith, was present when he signed as a witness, but his best impression is that Smith was not present. That he was not sure about that. He couldn't say positively whether Smith was present or not at the time he signed the paperwriting.''

The other attesting witness, J. T. Smith, who is sheriff of Cannon County, testified that the testator signed in his presence and he in the presence of the testator, but that ''Mr. Edd Melton the other subscribing witness was not present at the time he, Smith, signed the will.'' He testified that after he signed the will he went after the witness Melton but ''did not come back with Melton and he is positive that he never saw Melton witness the will.''

It will thus be noted that the witness Smith testifies under oath directly contrary to the solemn recitation in the important attestation clause which he signed three years before. In Page on Wills at Section 758 it is stated: ''The subscribing witness, by acting as such, in effect formally declares that all the facts necessary to the legal execution of the will exist and in advance by acting as a subscribing witness, he has seriously discredited his subsequent denial of these facts under oath. It is, therefore, quite possible that the presumption that the necessary acts have been performed is not overcome by the adverse testimony of one or more of the subscribing witnesses, and a will may be admitted to probate although one or

more of the subscribing witnesses testify adversely thereto."

This author further says that the testimony of such subscribing witnesses "who seeks to impeach the due execution of a will should be received with caution and viewed with suspicion."

In the Oregon case of *In re Estate of Warren*, 138 Or. 283, 4 P. (2d) 635, 637, 79 A. L. R. at page 389 the Court in commenting upon a similar situation said:

"It is suggestive of fraud and double dealing. It involves a betrayal of confidence, and, if the witness is believed, in some instances it may be attended with the most distressing consequences. . . . It is indeed, an anomalous situation where a witness solemnly declares that a will has been executed in keeping with all of the formalities of the law and then later, upon oath, positively asserts that his previous recitals were false."

In referring to the presumption which arises from proof of the due execution by the would be testator and by the attesting witnesses the attestation clause reciting the statutory requirements, the Court was of the opinion that a presumption as to the due execution thereupon arose and that to overcome this presumption the Court said: The presumption must be "overcome by clear and convincing evidence" and continued as follows: "It does not follow that, because some or all of the subscribing witnesses testify adversely to the execution of the will, it can be said as a matter of law that such presumption has been overcome. . . . The law does not leave a will wholly at the mercy of subscribing witnesses. If the rule were otherwise, property rights might be made to depend upon the faulty memories and improper motives of subscribing witnesses."

In the case of *Hughes* v. *Rader*, 183 Mo. 630, 82 S. W. 32 the Court said that the testimony of such an attesting witness is worthy of but little belief, and in the Pennsylvania case of *In re Keen's Estate*, 299 Pa. 430, 149 A. 737, the Court held that such conduct destroyed the force of the testimony of such witness. In the Louisiana case of *In Beattie's Succession*, 163 La. 831, 112 So. 802 the Court said that such testimony of such an attesting witness was not sufficient as a matter of law to overcome the presumption of regularity.

Our cases do not seem to be in full accord with the principles above enunciated. This Court in *Rose et al.* v. *Allen, Executor*, 41 Tenn. 23, at page 28 said: ''By putting his name to the instrument, Evans, in effect, certified to his knowledge of the mental capacity of the testator, and to the due execution of the Will, and in swearing, as he has done, against his own act and conduct at the time, he has shaken his own credibility. The circumstances attending the execution of this Will, the conduct of all parties, the whole *res gestae*, demonstrate that the requisitions of the statute have been observed.''

In that case, however, the Court held that: ''In all cases, however, where the witnesses clash in their statements, or deny their attestations, the evidence in favor of the will must be clear and full to substantiate it.''

█ In our case of *Beadles* v. *Alexander*, 68 Tenn. 604, one of the attesting witnesses, in contradiction to the other witness, was to the effect that the testator was not present when he witnessed the will. It was urged that his signature as a witness created a presumption that he did so at the request of the testator and in his presence. This Court held, however, ''it is only in the absence of positive testimony on the subject that the presumption of law is controlling. When the fact that the signatures of the sub-

scribing witnesses are genuine is established and nothing else appears, the presumption that the attestation was made in the presence of the testator is conclusive; but if there be positive testimony on the subject by the subscribing witness or otherwise, it then becomes a question for the jury to settle upon the evidence. And while the jury may take into consideration the improbability that a witness would attest the will in the absence of the testator, we are not prepared to say that the fact that witness proves that he did sign his name in the absence of the testator, goes to impeach his credit and to show that he was unworthy of belief. The credit due the witness should be left to the jury to determine, as in all other cases.''

The principle announced in this case does not seem to have been overruled and is the law of this State today.

■■ In view of the authorities hereinabove reviewed and the sound principles of law which they state, we would not hesitate in this case to reject in *toto* the testimony of the attesting witness to the effect that he signed his name to a falsehood when he recited in the solemn attestation clause that he, as an attesting witness, signed this attestation clause in the presence of the other attesting witness and that the other attesting witness signed in his presence. However, this would not justify the admission of this will to probate for the reason that under our cases above cited where the attesting witnesses ''deny their attestation, the evidence in favor of the will must be clear and full to substantiate it.'' When the testimony of the attesting witness in this case is rejected there is no ''clear and full'' evidence to establish the fact required by statute that the attesting witnesses signed as such in the presence of each other. There is practically no evidence, in fact, that they did so sign, other than a presump-

tion of regularity from the face of the intended will, corroborated by no other evidence.

For the reasons stated, we find it necessary to affirm the judgment of the Court of Appeals.

All concur.

## On Petition to Rehear.

Proponents' petition to rehear is predicated upon the holding in our opinion heretofore rendered that there is practically no evidence that the attesting witnesses signed the attestation clause in the presence of each other as required by the statute and, therefore, that the paperwriting could not be probated as the last will of Mr. Fann. We felt compelled to reach this conclusion by reason of the holding in *Rose* v. *Allen, Ex'r*, 41 Tenn. 23, 28, to the effect that where the witnesses deny their attestations "the evidence in favor of the will must be clear and full to substantiate it," and upon the holding in *Beadles* v. *Alexander*, 68 Tenn. 604, that a presumption of compliance with the statute does not arise by the mere execution and witnessing of the paperwriting "if there be positive testimony on the subject by the subscribing witness or otherwise."

In the petition to rehear it is suggested that "when the Court was dealing with the cases of *Beadles* v. *Alexander* and *Rose* v. *Allen, supra*, it did not have in mind a case where the will had an attestation certificate" as in the instant case. It is then earnestly asserted that in as much as it has been clearly established that Mr. Fann signed his name to this paperwriting, and also clearly established that Mr. Smith and Mr. Melton each signed as subscribing witnesses over an attestation clause which recited that they did so in the presence of each other, and that they are

now discredited by their testimony to the contrary; therefore, the recitations in "the attestation clause will govern and prevail", and thereby permit the probate of this will.

Our case of *Simmons* v. *Leonard*, 91 Tenn. 183, 18 S. W. 280, 30 Am. St. Rep. 875, is in point upon the insistence just stated. There were several reasons in that case why the will under consideration could not be admitted to probate, one of them being because of insufficient proof that the testatrix had signed the paperwriting at the time one of the attesting witnesses as such signed it. Page 191, 192 of 91 Tenn., page 282 of 18 S. W. In that case the Court observed with reference to the attesting witnesses that "the certificate to which their names are attached (is) in proper form and reciting all necessary facts." Page 183 of 91 Tenn., page 280 of 18 S. W. The evidence of the attesting witnesses did not sustain this recitation. The Court said: "We do not hold that the fact of due subscription can be shown alone by the subscribing witness; on the contrary, it is well settled that such fact may be established by other persons, though his recollection fail him, or he become openly hostile to the will. . . . But the proof of other persons will not suffice, unless it in truth shows that all formalities requisite to a valid subscription were observed. There is no such proof of other persons in this case." Pages 189, 190, 191, of 91 Tenn., page 281 of 18 S. W. The holding of the Court was: "That the contested paper was duly executed as the will of Margaret Simmons is not established by sufficient competent proof. . . . The law prescribes the *quantum* of proof requisite in such a case; and neither the jury, nor Court sitting as a jury, is allowed to find in favor of the will on less evidence than that prescribed." Page 194 of 91 Tenn., page 282 of 18 S. W.

The result of the holding in *Simmons* v. *Leonard, supra,* is that the presumption of regularity in compliance with the law in the execution of the will does not arise by reason of recitations to that effect in the attestation clause when there is positive testimony in the case contrary to those recitations.

It is only upon the point just discussed that a new argument was made. It, therefore, becomes unnecessary to further consider the petition to rehear. It is denied.

All concur.