IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2024

## IN RE ESTATE OF PEGGY JEAN SEMANEK

**Appeal from the Chancery Court for Giles County**
**No. P-1695-20      Russell Parkes, Judge**
_____

### No. M2023-01644-COA-R3-CV
_____

This appeal concerns the trial court's determination that Tennessee law does not require a testator to sign their will prior to an attesting witness subscribing their signature as a witness to the will. Upon review of the relevant statutory language and associated case law, we conclude that Tennessee law requires that a testator sign their will prior to an attesting witness subscribing their own signature, and therefore, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Timothy P. Underwood, Pulaski, Tennessee, for the appellant, Edward Semanek, Jr.

J. Christopher Williams, Pulaski, Tennessee, for the appellee, Lottie R. Turner.

### OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Peggy Jean Semanek ("Decedent") died on December 1, 2019, and was survived by two children, appellant Edward Semanek, Jr., and appellee Lottie R. Turner. Decedent's last will and testament ("the Will"), dated October 9, 2019, was subsequently filed by Ms. Turner in the Giles County Chancery Court ("the trial court"), and she was appointed by the trial court as the personal representative of Decedent's estate. The Will bore the signatures of Decedent and two witnesses, Cody Jones and Travis Wrightington. Thereafter, Mr. Semanek filed a complaint to contest the Will, alleging in pertinent part that the Will was invalid because Decedent failed to sign the Will in accordance with

Tennessee Code Annotated section 32-1-104, which sets forth the manner in which a will may be validly executed.

In response to Mr. Semanek's first set of interrogatories and request for production of documents, Ms. Turner responded

> Cody Jones and Travis Wrightington were the two (2) witnesses to the Last Will & Testament. They are both family friends. The Decedent asked me to call a couple of people she knew to see if they would come and witness her signing her Will. I called them over in the evening. In their presence, I read the Will to my Mother. After the Will was read to my Mother, Cody Jones signed it and passed it to Travis Wrightington, who gave it to my Mother to sign. Once my Mother signed, Travis Wrightington signed the Will as a witness.

Based upon this response, Mr. Semanek filed a motion for summary judgment alleging that the Will was invalid because Mr. Jones signed the Will prior to Decedent signing it. The trial court thereafter found that it was an undisputed material fact that Mr. Jones signed the Will prior to Decedent signing it. Nevertheless, it denied Mr. Semanek's motion for summary judgment, reasoning "that Tenn. Code Ann., Section 32-1-104, does not mandate a sequence for the due execution" of a will.

Ms. Turner then filed her motion for summary judgment, arguing that the Will was validly executed because, as a matter of law, Tennessee Code Annotated section 32-1-104 does not mandate a sequence of signatures for the valid execution of a will. The trial court granted Ms. Turner's motion for summary judgment. This appeal followed.

## ISSUE PRESENTED

In his appellate brief, Mr. Semanek presents one issue for this Court's review, restated verbatim as follows:

I.      Whether the trial court erred in denying Semanek's motion for summary judgment, and granting the motion for summary judgment of Turner, by holding that T.C.A. § 32-1-104 does not require the testator, Peggy Jean Semanek, to sign her last will and testament prior to the signature of an attesting witness.

## DISCUSSION

The sole issue germane to this appeal is whether, in order to execute a valid will in this State, a testator must sign their will *prior* to the two attesting witnesses. Mr. Semanek

contends that Tennessee Code Annotated section 32-1-104 mandates that a testator sign their will prior to the attesting witnesses subscribing their own signatures. Conversely, Ms. Turner argues that the statute does not require a particular sequence for the subscription of a testator's and witnesses' signatures. Because the question exclusively involves an issue of law, we review the trial court's determination de novo, without a presumption of correctness. *In Re Estate of Brown*, 402 S.W.3d 193, 199 (Tenn. 2013).

In order to address the competing contentions of the parties, we turn to Tennessee Code Annotated section 32-1-104, which outlines the manner in which a will shall be validly executed:

> (a) The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:
> (1) The testator shall signify to the attesting witnesses that the instrument is the testator's will and either:
> > (A) The testator sign;
> > (B) Acknowledge the testator's signature already made; or
> > (C) At the testator's direction and in the testator's presence have someone else sign the testator's name; and
> > (D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses;
> (2) The attesting witnesses must sign:
> > (A) In the presence of the testator; and
> > (B) In the presence of each other.
> (b)(1) For wills executed prior to July 1, 2016, to the extent necessary for the will to be validly executed, witness signatures affixed to an affidavit meeting the requirements of § 32-2-110 shall be considered signatures to the will, provided that:
> > (A) The signatures are made at the same time as the testator signs the will and are made in accordance with subsection (a); and
> > (B) The affidavit contains language meeting all the requirements of subsection (a).
> (2) If the witnesses signed the affidavit on the same day that the testator signed the will, it shall be presumed that the witnesses and the testator signed at the same time, unless rebutted by clear and convincing evidence. If, pursuant to this subsection (b), witness signatures on the affidavit are treated as signatures on the will, the affidavit shall not also serve as a self-proving affidavit under § 32-2-110. Nothing in this subsection (b) shall affect, eliminate, or relax the requirement in subsection (a) that the testator sign the will.

Tenn. Code Ann. § 32-1-104. It is undisputed that the Will at issue is neither holographic

nor nuncupative.

In our interpretation of the pertinent statutory language, we conclude that the structure of the statute implies that the signature of the testator must precede the signatures of the attesting witnesses. As the description "attesting witnesses" suggests, the purpose of these witnesses is to attest to the fact that the testator either signed in their presence, has already signed and acknowledged to the witnesses that the signature is, in fact, their signature, or another has signed for the testator at their request. In the absence of the testator's signature, it is unclear to us what a potential witness would attest to, other than the existence of an unsigned will.

While we recognize that the language of the statute does not expressly state that such a sequence must be followed, our case law is explicit on the matter. The Tennessee Supreme Court has previously stated that, "[s]ince it is the signature of the testator that subscribing witnesses are to attest, there can be no valid attestation or subscription unless it be a fact that the testator has actually signed his name, or caused it to be signed, before they subscribed their names. There is no will to witness until it has been signed by the testator." *Simmons v. Leonard*, 18 S.W. 280, 282 (Tenn. 1892) (emphasis added); 1 Jack W. Robinson, Sr., et al., *Pritchard on the Law of Wills and Administration of Estates*, Chapter 3, § 208 (7th ed., 2009) ("The will must be signed by the testator before it can be attested by the witnesses. There is no will to witness until it has been signed by the testator.") (footnotes omitted). More recently, the Tennessee Supreme Court cited to this passage from *Simmons* favorably and expanded upon it by observing that "[t]he testator's signature is essential to the creation of a will." *In re Estate of Chastain*, 401 S.W.3d 612, 619 (Tenn. 2012) (citing *Simmons*, 18 S.W. at 282). In light of the critical function underlying the testator's signature, we conclude that a testator must sign, or have another sign on their behalf, prior to any attesting witness subscribing their signature upon the will.

Therefore, in the instant case, Mr. Jones subscribed his signature prematurely. In view of the undisputed facts, we conclude that the trial court erred in granting Ms. Turner's motion for summary judgment and in denying Mr. Semanek's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the trial court's order granting summary judgment to Ms. Turner is reversed, and we remand to the trial court for the entry of an order granting summary judgment to Mr. Semanek and for any additional proceedings consistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE