GEORGE A. HOWELL, et al. v. MRS. HATTIE BROWN, Executrix.

Middle Section. January 7, 1928.

J. D. Hankins, of Hartsville, H. B. McGinness, of Carthage, and Russell Wright, of Hartsville, for plaintiffs in error, Howell, et al.

J. T. Baskerville, of Gallatin, for defendant in error, Mrs. Brown.

CROWNOVER, J.  In this case the will of Hugh A. Wylie was contested on an issue of devisavit vel non in the circuit court of Trousdale county, and was there tried by the judge, a jury having been waived by the parties, and resulted in a judgment sustaining the validity of the will.  The contestants' motion for a new trial was overruled, to which they excepted, and have appealed in error to this court.  Only one error is assigned, which is, in substance, that the court erred in holding that the will was duly executed, in that, it was not shown that the attesting witnesses subscribed their names to the will at the request of the testator.

It was not shown in the record that the contestants were the next of kin, or that they had a right to contest this will, as their relationship to the deceased is not shown, and it was not shown that the decedent had property, or was in fact dead, although it was shown that the will was executed and that he was operated upon on January 27, 1926.  But all of these facts seem to have been assumed and no such questions have been raised.

The facts necessary to be stated are, that Hugh A. Wylie became seriously affected with a disease commonly known as locked bowels. His intestines having become affected and perforated, he was brought to a hospital in Nashville.  After he was examined by the attending physicians at the hospital he was informed by them of the seriousness of the operation, and it was suggested that if he desired to dispose of his property he should have the matter attended to before the operation.  He stated to the doctors that he desired to make a will, and requested them to draft it so as to give all of his property to his sister Hattie, Mrs. George Brown, after his debts were paid.  Doctor Robert Caldwell retired to a desk and drafted the will to this effect, returned and read it to the testator who said

that it was what he wanted. He was then raised up on his elbow and signed said will as testator. Doctor Donoho, one of the attending physicians, was on one side of the bed, and Doctor Caldwell on the other side. At this time Doctor Caldwell said in the presence and hearing of the testator that the will would have to be witnessed to make it legal, and he requested the other two attending physicians present to sign as attesting witnesses, which was done, and Doctor Caldwell then and there also subscribed as an attesting witness. All this was done in the immediate presence and hearing of the testator and in the presence of each other. The testator did not expressly request any of the parties to subscribe as attesting witnesses, and neither did he make any comment of approval or disapproval of the procedure of the witnessing of the will, but he was rational and was not suffering at the time, but was in possession of his faculties and was conscious of his surroundings.

Now, were his actions on this occasion such as to constitute evidence of his assent or acquiescence in the request of Doctor Caldwell that the parties subscribe their names as attesting witnesses to the will, so as to make the same his act and deed, and are we therefore bound by the judgment below? Though allowed the same weight in this court as the verdict of a jury, the finding of the trial judge on the question must be supported by evidence of a request or acquiescence on the part of the testator, and the court is not allowed to find in favor of the will on less evidence than is required. See, Simmons v. Leonard, 91 Tenn., 193-194, 18 S. W., 280. After a thorough examination of the record and the law on the subject, we are satisfied that he was fully conscious of his surroundings and knew what was being done with respect to witnessing his will, and acquiesced therein to the extent that he assented to the request of Doctor Caldwell.

It is provided by statute that no will shall be sufficient to devise lands unless signed by the testator, or by another in his presence and by his direction, and subscribed in his presence by at least two witnesses, neither of whom is interested in the devise of said lands. See, Shannon's Code, 3895.

Under this statute no special form for a will is required, provided it contains sufficient matter of substance, and it need not be in testamentary form, if of testamentary character. It is not necessary that the testator publish his will, as is required by statute in many states, hence it is not necessary that its contents or character be made known to the subscribing witnesses, as it is the signature of the testator that the subscribing witnesses are to attest. It is not essential that the testator sign his name in the presence of the subscribing witnesses, or that the witnesses subscribe in each other's presence, if they subscribe as attesting witnesses at his request or with his assent. See, Simmons v. Leonard, 91 Tenn., 183, 30 Am. St.

Rep., 875; Long v. Mickler, 133 Tenn., 51, 179 S. W., 477; Tate v. Lawrence, 58 Tenn., 503.

It is not expressly provided by the foregoing statute, or by the one providing for the authentication of instruments for registration (Shannon's Code, 3712), that the attestation by the two subscribing witnesses must be made at the request of the testator or grantor; but the courts of England, from whence we obtained the former statute, and the courts of Tennessee have held, in a long line of cases, that attestation is the act of witnessing an instrument in writing, at the request of the party making the same, and subscribing it as a witness. See, Bouvier's Law Dictionary. It was held, in construing the latter statute for authenticating of instruments for registration, that the subscribing witness must be one who was present when the instrument was executed, and who at that time, at the request or with the assent of the party, subscribed his name to it as a witness to the execution. See, Tate v. Lawrence, supra; 1 Greenleaf on Evidence, sec. 569.

The same is true of wills. The attestation and subscription must be made at the request or with the assent of the testator, and in his presence, upon his acknowledgment of his signature to the witnesses, with his request to attest it. But no particular form of words need to be used in making the request, and no request by the testator personally to the witnesses is necessary. The request may be implied from the acts and conduct of the parties and from the circumstances. See, Pritchard on Wills and Administration, sec. 222.

"Occasionally the request to attest is made through the medium of a third person, but no communication of the testator's request to the witnesses who subscribe can be made by a third person, unless it be made in the presence and hearing of the testator and the witnesses for whom the communication is intended. Subject to this rule, the request may be made by a third person but not otherwise. So, where the witnesses were told in the presence of the testator that they had been sent for as witnesses, and they then subscribed their names as such after the will had been read to the testator and signed by him in their presence, it was held that these facts furnished sufficient evidence of a request by the testator. And, where the draftsman of the will, in the presence and hearing of the testator, requested certain persons to witness the will, and they accordingly then and there signed the will as witnesses, it was held that they did so at the testator's request." See Pritchard on Wills and Administration, sec. 223.

"Statutes sometimes require attestation at the request of the testator. And although the statute does not require a request, it seems to be implied in the meaning of the word 'attest' that it shall be at the testator's request, which may be implied

from all the circumstances. No formal request is necessary. It is 'not material how the request is conveyed to the witnesses so long as it appears that the request was the free and intelligent act of the testator.' It may be implied from the acts or conduct of the testator and from the circumstances, as by asking that the witness be sent for to attest the execution, or by assent to their signing by affirmative response to a question as to whether the testator wanted the will attested, or by reading of the attestation clause in the testator's presence after signing by the witnesses. So a request may be implied by acquiescence in the request of another that the will be signed. Such requests may be made by any person so long as the testator acquiesces or approves of it, or by his conduct such acquiescence or approval can be implied. It must appear, however, that the testator knew of the request. So the request may be by words used at the same time for the purpose of publishing the will.'' See, 40 Cyc., 1115, 1116; Conway v. Vizzard, 122 Ind., 266, 23 N. E., 771; Martin v. Bowdern, 158 Mo., 379, 59 S. W., 227; Peck v. Carey, 27 N. Y., 9, 84 Am. Dec., 220; In re Will of John Meurer, 44 Wis., 392, 28 Am. Rep., 591; Etchison v. Etchison, 53 Md. 348, 357; Cheatham v. Hatcher (Va.), 30 Gratt., 56, 32 Am. Rep., 650; Lane v. Lane, 114 Am. St. Rep., 216, notes.

The proof shows that the testator was of sound mind and that the will was drafted at his request, and that the witnesses subscribed their names at the request of the draftsman, in the presence of the testator, and that he was conscious of what was being done at the time; there was no suggestion of undue influence; therefore, we are of the opinion that he consciously assented to the request of his draftsman, which is sufficient under the law. The assignment of error must be overruled and the judgment of the trial court affirmed. The cause will be remanded to the circuit court of Trousdale county, with direction that proper orders be entered transmitting the original will, together with a certified copy of the judgment sustaining said will to the county court to be there recorded. The cost of the cause is adjudged against the contestants, and the cost of the appeal is adjudged against the contestants and the surety on their appeal bond, for all of which execution may issue.

Faw, P. J., and DeWitt, J., concur.