## LAWRENCE v. LAWRENCE.—250 S. W. (2d) 781.

Middle Section. October 26, 1951.

Petition for Certiorari denied by Supreme Court, February 9, 1952.

R. C. Boyce, James F. Doty, and E. T. Hollins, Jr., all of Nashville, for plaintiff in error.

Jay G. Stephenson, and J. G. Lackey, Jr., both of Nashville, for defendant in error.

HICKERSON, J.   This suit was filed to contest the validity of the will of Mrs. Maggie B. Lawrence.   We quote the entire document which, for convenience, we shall call a will:

"Nashville, Tennessee

"I, Maggie B. Lawrence, do declare this to be my Last Will And Testament.

"I am the mother of five children, namely: Adelaide B. Lawrence, Mabel L. Nevins, Emma Jean L. Waggoner, Elmer Lawrence, and Stewart S. Lawrence.

"At various times three of my five children have received the following sums from me:

Emma Jean L. Waggoner .............. $3,500.00
Elmer Lawrence ...................... $3,500.00
Mabel L. Nevins ..................... $1,700.00

"I request that these sums be considered as part of my estate, together with what remains, and that said estate be equally divided among my five children after my death and all my debts are paid.

"Her X Mark

Mrs. Maggie B. Lawrence

"Witness:

Mrs. J. C. Johnson

Miss L. B. Hollinsworth

2306 Hillsboro Road

Resthaven

Date June 25, 1947."

One ground of invalidity, asserted in the petition of contestant, is:

"Petitioner further avers that the said Paper Writing purporting to be the Last Will and Testament of Maggie B. Lawrence, was not legally executed, and the legal requisites for the making of a Will were not complied with at the time said paper writing was executed."

One of the subscribing witnesses was dead at the time of the trial. Her signature was proved. As shown by the will there was no attestation clause. The other subscribing witness was introduced. She testified:

"Q. 1. I say, did Mrs. Maggie B. Lawrence acknowledge this instrument as her last will and testament before you and Mrs. Johnson? A. Yes, sir, she really did.

"Q. Did she sign it in the presence of you and and Mrs. Johnson? A. Yes, sir, she certainly did.

"Q. Did she request either you or Mrs. Johnson, or both of you, to sign as witnesses? A. Yes, sir, she sure did.

"Q. Both of you? A. Yes, sir.

"Q. Did both of you sign as witnesses? A. Yes, sir.

"Q. Were you in the presence of each other? A. Yes, sir.

"Q. Were you in the presence of Mrs. Maggie Lawrence? A. Yes, sir.

\* \* \* \* \* \*

"Q. Mrs. Hollingsworth, did you know what it was you was signing when you signed your signature here? A. I don't remember—I don't think I did.

"Mr. Doty: That is all.

"By The Court: Q. Did anybody tell you what it was? A. I don't remember.

"Q. What is that? A. I don't remember."

Re-Direct Examination

"By Mr. Lackey: Q. Did you know it was a will, Mrs. Hollandsworth? A. No, I didn't know it was a will.

\* \* \* \* \* \*

"Q. I asked you, Mrs. Hollingsworth, if Mrs. Maggie Lawrence requested you and Mrs. Johnson to sign this instrument as witnesses to her will and at that time you said 'Yes'. A. Well, I found out later that that was what it was all about, but I didn't know at the time that I signed it, at the moment, as I went on and went to work, on my duty, but I came back and talked to her since then.

"Q. Ma'm? A. I talked to her afterwards and found out what it was.

'Q. Talked to who? A. To Mrs. Lawrence."

At the conclusion of proponent's evidence, contestant moved for a directed verdict against the will. The motion was overruled. Contestant stood on his motion and declined to put on witnesses. Thereupon, proponent moved for directed verdict in favor of the will. The issue was clearly and definitely made by these motions and the argument of counsel upon the motions. Proponent con-

tended she had proved the due execution of the will. Contestant contended she had not. The Court sustained the motion of plaintiff and directed a verdict in favor of the will.

The judgment of the court provides:

"Again came the parties and their attorneys and also the jury which had previously been duly elected, tried and sworn the truth to speak upon the issues joined; and thereupon at the close of the proponent's proof in chief the contestant moved the court to peremptorily instruct the jury to return a verdict against the will and in favor of the contestant, on the grounds that the uncontradicted testimony shows that the will in contest had not been executed as required by law, which motion after argument of counsel, the court overruled, and to which actions of the court the contestant excepted; whereupon the contestant refused to offer any proof regarding his case and renewed his said motion which was overruled by the court; then the proponents moved the court to peremptorily instruct the jury to return a verdict in favor of the will; and after argument of counsel, the court granted the motion of the proponent and peremptorily instructed the jury to return a verdict in favor of the will; and thereupon the jury did find in favor of the will. To the foregoing action of the court the contestant excepted.

"It is further considered by the court that the writing aforesaid, bearing date of June 25, 1947, signed by the said Maggie B. Lawrence by making her mark, and attested by Mrs. J. C. Johnson and Miss L. B. Hollinsworth as witnesses, is the true whole and last will and testament of the said Mrs. Maggie B. Lawrence, deceased, and that the propo-

nents have and recover of the contestant, and J. F. Doty and R. C. Boyce, the surety on his prosecution bond, all of the costs of this cause for which execution may issue. And it is ordered by the court that the clerk make out, and certify, a copy of this entry and transmit the same, with said original will, to the county court of Davidson County, to be there recorded as required by the law.''

To review this judgment, contestant has brought the case to this court. Only one question is presented for our determination: Does the evidence support the judgment of the court?

The applicable law is stated by this court in Eslick v. Wodicka, 31 Tenn. App. 333, 215 S. W. (2d) 12, 14, where the court said:

"The execution of wills in this state is governed by Chapter 125 Public Acts of 1941, Code Sections 8098.1 to 8098.9, the title of the legislative Act being, 'An Act to make uniform the execution of wills and repealing all Acts in conflict therewith.'

"Section 4 of this Act provides:

"Execution. The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two witnesses as follows:

" '(1) Testator. The testator shall signify to the attesting witnesses that the instrument is his will and either

" '(a) Himself sign,

" '(b) Acknowledge his signature already made, or

" '(c) At his direction and in his presence have someone else sign his name for him, and

" '(d) In any of the above cases the act must be done in the presence of two or more attesting witnesses.

" '(2) Witnesses. The attesting witnesses must sign

" '(a) In the presence of the testator, and

" '(b) In the presence of each other.'

■ "The cardinal rule of statutory construction is to ascertain the intent of the legislature and give effect thereto. Woodroof v. City of Nashville, 183 Tenn. 483, 192 S. W. (2d) 1013.

■■ "The conditions under which property may be transferred by will in this state may be prescribed by legislative enactment. Compliance with such prescribed conditions is essential to the execution of a will. Allen v. Huff, 9 Tenn. 404; Epperson v. White, 156 Tenn. 155, 299 S. W. 812, 57 A. L. R. 601; Fann v. Fann, 186 Tenn. 127, 208 S. W. (2d) 542; Fransioli v. Podesta, 21 Tenn. App. 577, 113 S. W. (2d) 769.

"There is no such thing as a voidable will; it must be either good or void.' Sizer's Pritchard Law of Wills and Executors, Second Edition, Section, 81.

"Under Chapter 125, Section 4, Acts of 1941, the requirements for the execution of a will are divided into two parts.

"(1) Testators: 'The testator shall signify to the attesting witnesses that the instrument is his will'.

"After testator has made known to the attesting witnesses that the instrument is his will, he may pursue one of three courses: (a) 'Himself sign,' (b) Acknowledge his signature already made,' or (c) 'At his direction and in his presence have someone else sign his name for him.'

"Either act (a), (b), or (c) must be done in the presence of two or more attesting witnesses; that is, the testator must sign himself, or acknowledge his signature already made, or have his name signed for him under the prescribed conditions in the presence of two or more attesting witnesses. When these requirements have been met, the first step towards the execution of the will has been taken—the testator's name appears on the instrument as required by statute."

The meaning of this statute is clear, plain and unambiguous. When a testator calls upon persons to witness his will, " 'the testator shall signify to the attesting witnesses that the instrument is his will'." Surely it cannot be contended that this provision of the statute is doubtful of meaning. It simply means that the testator must state to the witnesses in substance that the paper writing is his will and that he wants then to sign it as witnesses.

■ By the uncontradicted evidence before us that essential requisite of the execution of a valid will is lacking. The testatrix did not signify to the attesting witnesses that the instrument was the will of testatrix.

Proponent contends the subscribing witness testified she was told that the instrument was her will by testatrix before witness signed it; and that witness, also, testified to the contrary. Her evidence is not susceptible of this construction. Taken as a whole, it shows she did not know this was the will of testatrix when the witness signed it.

■ But if we should assume that witness affirmed and denied that testatrix told her that the instrument was her will before witness signed it, such testimony would have no probative value. In Johnston v. Cincinnati N. O. &

T. P. Railway Company, 146 Tenn. 135, 158, 240 S. W. 429, 436, the court said:

"The question here is not one of the credibility of a witness or of the weight of evidence; but it is whether there is any evidence at all to prove the fact. If two witnesses contradict each other, there is proof on both sides, and it is for the jury to say where the truth lies; but if the proof of a fact lies wholly with one witness, and he both affirms and denies it, and there is no explanation, it cannot stand otherwise than unproven. For his testimony to prove it is no stronger than his testimony to dispove it, and it would be mere caprice in a jury upon such evidence to decide it either way."

There is no proof that this paper writing which the proponent proposed for probate was executed in conformity with the laws of this state regulating the execution of wills. Code Section 8098.4.

The assignments of error are sustained. The judgment of the circuit court is reversed. A verdict is directed against the will, and judgment will be entered here that the instrument in question is not the will of Mrs. Maggie B. Lawrence; and, therefore, not entitled to probate. The paper writing was not her will. The manner in which it was executed lacked essential statutory requisites of a valid will. All costs will follow the judgment. Remand the cause to the circuit court for further proceedings consistent with this opinion.

Felts and Howell, JJ., concur.