## MILLER et al. v. THRASHER et al.—251 S. W. (2d) 446.

Eastern Section.   March 20, 1952.

Petition for Certiorari denied by Supreme Court, July 11, 1952.

Moon & Anderson, of Chattanooga, for plaintiffs in error.

Paul Campbell, Jr., and French Frazier, both of Chattanooga, for defendants in error.

HOWARD, J. This is a will contest involving the purported will of C. L. Miller, who died on June 19, 1949, at the age of 80. At the time of his death, Miller lived in the Coultersville Community in Hamilton County,

about 25 miles north of Chattanooga, and his estate consisted of farm lands, a small amount of personal property and considerable cash. The will was executed on July 14, 1948, a year previous to Miller's death, and was witnessed by two of his neighbors, L. L. Jones and Lester Varner. The will was prepared by A. H. Morgan, neighbor and long-time friend, with whom Miller had previously talked about his will, and after its execution the will was left with Morgan for safe-keeping. The attestation clause of the will, which was in the form of an affidavit, was sworn to by the witnesses before Morgan, a Notary Public.

By the terms of his will, Miller gave everything he had to his wife, Mae Romines Miller, and to his daughter, Bettie Clarence Miller, age 11, except $5 to each of his four adult children, Rita Miller Johnson, Roy Miller, Ray Miller and Mildred Miller Howard. The four adult children were by a former marriage and are the contestants of the will. The testator's wife, Mae Romines Miller, was named as the administratrix in the will, but she declined to act and Mr. Wilkes T. Thrasher, Jr., an Attorney of the Chattanooga Bar, was named as administrator with the will annexed. After the contest was instituted, Mae Romines Miller died, and upon motion the suit as to her was revived in the name of her administrator, Jack Sneed. Mr. Paul S. Campbell, Attorney of the Chattanooga Bar, was upon motion named guardian ad litem for the minor Bettie Clarence Miller. The two administrators and the minor are the proponents of the will.

The contestants challenged the will on the following grounds: (1) Mental incapacity of the testator, and (2) that the will was not witnessed, attested and executed as required by law. Trial in the Circuit Court resulted

in a jury verdict sustaining the will, and judgment was accordingly entered. Motion for a new trial was over-ruled, and contestants have appealed in error to this court.

There was much conflicting testimony introduced on the question of the testator's mental capacity to make a will; and it is conceded by the contestants that the jury's verdict foreclosed this issue. Therefore, the question of the testator's mental capacity will not be considered here.

It is insisted that there was no evidence that the testator signified to the attesting witnesses that the paper writing was his will, as required by Code Sec. 8098.4, which reads as follows:

"The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two witnesses as follows:

"(1) Testator. The testator shall signify to the attesting witnesses that the instrument is his will and either

"(a) Himself sign,

"(b) Acknowledge his signature already made, or

"(c) At his direction and in his presence have someone else sign his name for him, and

"(d) In any of the above cases the act must be done in the presence of two or more attesting witnesses.

"(2) Witnesses. The attesting witnesses must sign

"(a) In the presence of the testator, and

"(b) In the presence of each other."

On the date the will was executed, the undisputed proof shows that Miller, accompanied by his wife, went to Morgan's home for the purpose of executing his will,

which Morgan had previously prepared, and that he requested Morgan and his wife to witness the will. After considering the matter, however, and upon Morgan's suggestion that he should get "younger people," they then, at Miller's request, went to Jones Store, a block from the Morgan home, to ask Jones, the owner of the store, and Varner, an employee there, to witness the will. On arrival at the store it appears that Morgan, in the presence of Miller told Jones and Varner that Miller wanted them to witness his will, which they agreed to do, and that he also read the will to them. Thereafter, the will was duly executed by the parties, the witnesses attesting thereto under oath, as heretofore shown. According to the proof, Morgan handled the entire transaction, Miller making no statement at the time to either of the attesting witnesses.

■ ■ Under our statute it is not essential that an express request be made by the testator to the attesting witnesses that they witness his will. The statute sets out that he shall signify to them that the instrument is his will, and this may be implied from his acts and conduct and from the facts and attending circumstances. In the present case the testator not only suggested the names of the attesting witnesses, but went to their place of business where the will was read to them in his presence, after which it was signed by him and the attesting witnesses in the presence of each other. In Page on Wills, it says:

"A request need not be in express words; but it may be implied from the surrounding circumstances and the acts of the testator, his conduct, gestures and the like, at least, if reasonable men could not differ as to the inference to be drawn from such conduct. Testator's conduct in asking for witnesses, and in

acquiescing in their signing it when they come at such request, or his acquiescence in a suggestion that they sign as witnesses, is, in effect, a request that they sign.

"If testator knows that witnesses are signing on his behalf, in his presence, and he makes no objection thereto, such acquiescence is regarded as a request." Vol. 1, Sec. 365, p. 661, 662.

In discussing the form and manner of request, Am. Jur. says:

"Neither a formal nor an express request is essential, where the manner and form in which the request must be made are not prescribed by statute. No particular form of words need be used in making the request; anything which conveys to the witnesses the idea that the testator desires them to attest the instrument is a good request. This is the rule even under a statute which expressly requires that the attesting witnesses shall sign at the request of the testator." Vol. 57, Sec. 289, p. 223.

Though the present statute was enacted in 1941, subsequent to the publication of the Revised (2nd) Edition of Sizer's Pritchard on Wills, we do not think that the following rule as stated therein was materially changed:

"But no particular form of words need be used by the testator in making the request, and no express request by the testator personally to the witnesses is necessary. The request may be implied from the acts and conduct of the parties, and from the circumstances. Any words or acts which evince the desire of the testator that the witnesses shall attest the will, are sufficient; as, handing out the will, acknowledging his signature, or other acts of like im-

port.'' Sizer's Pritchard Law of Wills and Executors, 2nd Edition, Sec. 222, p. 274.

■ Furthermore, it is well settled that the request to the attesting witnesses to act as such need not be given by the testator in person but may be given by a third person as his agent or representative. Howell v. Brown, 7 Tenn. App. 380; Sizer's Pritchard on Wills, 2nd Edition, Sec. 223, p. 275; 125 A. L. R. 433. In 57 Am. Jur., it says:

''Even in jurisdictions where the statute expressly requires that the witnesses sign at the request of the testator, the courts are agreed that the request to the witnesses may come through a third person if it is given by authority of the testator or is ratified by him. * * *

''The rule that a request to a witness made in the presence of the testator by a third person is sufficient where it was authorized or ratified by the testator is especially applicable to a request made by the attorney, scrivener, or other person engaged by the testator to supervise the execution of his will. Once it appears that the person who made the request in the presence of the testator had been entrusted by the latter with the preparation of his will and the supervision of its execution, it is presumed that the request was authorized. At any rate, slight evidence would be sufficient under such circumstances to support authority in this respect.''

Next it is insisted that the proof does not show that the attesting witnesses signed the will in the presence of each other and in the presence of the testator as required by Subsec. (2) of the foregoing Code Section.

In support of this assignment the contestants rely solely upon the testimony of L. L. Jones, one of the

attesting witnesses who stated that he was present with Miller and Varner, the other attesting witnesses, when the will was read by Morgan, and that he signed the will in their presence but that he did not "believe" that he saw either Miller or Varner actually sign their names. It is possible that this witness did not remember all the details of the transaction because of the lapse of time, as Morgan testified that he not only read the will in the presence of Miller, Jones and Varner, but that it was signed by each of them in his presence and in the presence of each other. Varner also stated that he was present when the will was read by Morgan, and that all the parties signed their names to the will in the presence of each other.

■ ■ Under the foregoing proof we think there was ample evidence to support the jury's finding that the will was signed by Miller and the attesting witnesses in the presence of each other. In this State evidence of due execution of a will is not confined to the attesting witnesses but may be proved by other competent evidence including the testimony of persons who were not subscribing witnesses but were present at the execution of the will. Rose v. Allen, 41 Tenn. 23; Frear v. Williams, 66 Tenn. 550; Key v. Holloway, 66 Tenn. 575; Sizer's Pritchard on Wills, Secs. 334, 335, p. 379; 57 Am. Jur. Secs. 905, 906, pp. 596, 597.

■ Assignments 1 and 3 complain of the trial Court's failure to charge contestants' request No. 2 which stated, in substance, (1) that the testator shall signify to the attesting witnesses that the instrument is his will, and (2) that the attesting witnesses shall sign the will in the testator's presence and in the presence of each other. While the request correctly stated the law, we do not think, in the light of what has heretofore been said, that

the Court's failure to charge the first portion thereof affirmatively affected the results of the trial. See Code Sec. 10654. With respect to the second portion of the request we think that the general substance of this request was included in the following portions of the Court's charge:

"The law requires that the will shall be in writing or typewritten, and that it shall be signed by the said C. L. Miller, in the presence of, and attested by at least two witnesses who must subscribe their names thereto in the presence of the said C. L. Miller.

The plaintiffs offer testimony as to the signature of C. L. Miller to the instrument offered for probate, and of the signatures of the subscribing witnesses in the presence of Mr. Miller.

"If you are reasonably satisfied from the evidence that C. L. Miller signed the paper, and that it was also subscribed by the witnesses L. L. Jones and Lewis Varner as subscribing witnesses in the presence of Mr. Miller, then the plaintiffs have met the burden of proof as to the execution of the will."

To deny a special request, the substance of which has been covered in the general charge, is not error. Jones v. Noel, 30 Tenn. App. 184, 204 S. W. (2d) 336; Carman v. Huff, 32 Tenn. App. 687, 227 S. W. (2d) 780.

By assignment 2 it is insisted that the Court erred in charging that the will itself was evidence of the testator's mental capacity to make a will. After considering the charge in its entirety, we do not think that the alleged error was prejudicial to the contestants as in another portion of the charge the Court correctly instructed the jury "that the will itself may be considered along with other evidence in deciding the issue

of mental capacity to make a will.'' See Hammond v. Union Planters National Bank, 189 Tenn. 93, 222 S. W. (2d) 377. Under Code Section 10654 no verdict or judgment shall be set aside or new trial granted by any appellate court for any error in the charge of the Court unless it shall affirmatively appear that the error complained of affected the results of the trial. There is no showing to this effect in the present case.

It results that all assignments of error will be overruled and the judgment below will be affirmed at contestants' costs, and the case will be remanded for all necessary orders.

McAmis and Hale, JJ., concur.