GERTRUDE JACKSON and ) 
JOSEPHINE J. JOHNSON, ) 
    Petitioners/Appellees, ) 
                         )    Williamson Chancery
                         )    No.  22983
VS. ) 
                         )    Appeal No.
                         )    01-A-01-9511-CH-00528
HELEN PATTON, Executrix of the ) 
Estate of Jennie Mai Jackson, ) 
Deceased, ) 
    Respondent/Appellant. ) 

**FILED**

May 8, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

HONORABLE HENRY DENMARK BELL, CHANCELLOR

SUSAN B. EVANS
Law Offices of Wm. D. Castleman, P.C.
213A Ward Circle
Brentwood, Tennessee 37027

WILLIAM D. CASTLEMAN
Law Offices of Wm. D. Castleman, P.C.
110 Glancy St., Suite 112
Goodlettsville, Tennessee 37072

DANIEL L. WISCHHOF
Wischhof & Allen, P.C.
110 Glancy St., Suite 109
Goodlettsville, Tennessee 37072
ATTORNEYS FOR PETITIONERS/APPELLEES


Joseph F. Welborn, III
BASS, BERRY & SIMS
2700 First American Center
Nashville, Tennessee 37238

DOUGLAS S. HALE
Hale & Hale
312 First Tennessee Bank Building
Franklin, Tennessee 37064
ATTORNEYS FOR RESPONDENT/APPELLANT

REVERSED, VACATED AND REMANDED

                                    HENRY F. TODD
                                      PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

GERTRUDE JACKSON and )
JOSEPHINE J. JOHNSON, )
                                              )
        Petitioners/Appellees,        )
                                              )    Williamson Chancery
                                              )    No.  22983
VS.                                        )
                                              )    Appeal No.
                                              )    01-A-01-9511-CH-00528
HELEN PATTON, Executrix of the   )
Estate of Jennie Mai Jackson,       )
Deceased,                               )
                                              )
        Respondent/Appellant.       )


O P I N I O N


        The captioned executrix has appealed from a non-jury judgment of the Chancery

Court that a will dated April 6, 1989 is the true, whole and last will and testament of Jennie

Mai Jackson, deceased.


        On May 18, 1994, a will executed by deceased on February 18, 1977, was admitted to

probate in the Chancery Court and the captioned executrix was designated to administer the

estate.


        On November 8, 1994, the captioned petitioners filed a petition in Chancery Court

presenting a subsequent will of the deceased dated April 6, 1989, and praying that the

previous probate of the 1977 will be set aside and that 1989 will be declared to be the last and

effective will of deceased.


        The executrix denied that the 1989 will was properly executed, and the cause

proceeded to trial without a jury.  The order of the Chancery Court reads as follows:

> This cause came on to be heard on the 7th day of August,
> 1995, before the Honorable Henry Denmark Bell, Chancellor,
> upon the petition of Gertrude Jackson and Josephine J. Johnson
> that the Last Will and Testament of Jennie Mai Jackson,
> deceased, bearing the date of February 18, 1977, be set-aside
> and that a later writing purported to be the Last Will and

Testament of Jennie Mai Jackson, deceased, be admitted to probate.

Whereupon, the petitioners produced in open Court a paper writing purporting to be the Last Will and Testament of Jennie Mai Jackson, deceased, said paper bearing date of April 6, 1989; having the mark of Jennie Mai Jackson signed thereto as testatrix; being subscribed by Elizabeth Carothers and John H. Carothers as attesting witnesses; naming Gertrude Jackson and Josephine J. Johnson as Co-Executors.

And, it appearing to the Court from the testimony of the aforesaid parties and their witnesses in open Court and upon affidavit as authorized by and in accordance with Tennessee Code annotated Section 32-2-110 that Elizabeth Carothers and John H. Carothers did subscribe his/her respective name as an attesting witness to the said paper writing; that the said paper writing was written in the lifetime of Jennie Mai Jackson, deceased, and published, signed and subscribed by her in the presence of the attesting witnesses; that the said Jennie Mai Jackson was then of sound mind; and at her request, said attesting witnesses signed said paper writing in her presence and in the presence of each other on April 6, 1989.

And, it further appearing to the Court from testimony produced in open Court that said paper writing bears the true mark of the said Jennie Mai Jackson.

It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the Last Will and Testament of Jennie Mai Jackson, deceased, bearing the date of April 6, 1989, is the true, whole and Last Will and Testament of Jennie Mai Jackson, deceased. The costs of this action are taxed to the estate of Jennie Mai Jackson. The matter of attorney fees in this action is reserved to the Probate Court of Williamson County, Tennessee.

This cause is remanded to the Probate Court of Williamson County, Tennessee, for further proceedings consistent with this order.

It appears that the Chancery Court has probate jurisdiction under T.C.A. §16-16-201, so that the remand to the Probate Court in this instance would be to the Probate Division of the Chancery Court.

The pleadings in the present case appear to present an issue of *devisavit vel non* to be resolved by a contest to be certified to the Circuit Court for resolution under T.C.A. §§32-4-101, *et seq.* Even though the jurisdiction of Circuit Court of will contests is exclusive,

T.C.A. §16-10-103, *Clark v. Hefley,* 34 Tenn. App. 389, 238 S.W.2d 513 (1950), the

jurisdictional question was waived by failure to object. T.C.A. §16-11-102.

The single issue presented on appeal is:

> Whether the Chancellor erred in ruling that the Last Will and Testament of Jennie Mae Jackson dated April 6, 1989 was properly executed as required by T.C.A. § 32-1-104.

T.C.A. Section 32-1-104 provides:

> **Will other than holographic or nuncupative. -** The execution of a will, other than a holographic or nuncapative will, must be by the signature of the testator and of at least two (2) witnesses as follows:
> (1) <u>The testator shall signify to the attesting witnesses that the instrument is his will</u> and either:
>> (A) Himself sign;
>> (B) Acknowledge his signature already made; or
>> (C) At his direction and in his presence have someone else sign his name for him; and
>> (D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses.
>> (2) The attesting witnesses must sign:
>>> (A) In the presence of the testator; and
>>> (B) In the presence of each other. [Acts
>> 1941, ch. 125 § 4; C. Supp. 1950, § 8098.4; T.C.A. (orig. ed.), § 32-104.] (Emphasis supplied.)

The first page of the 1989 will bears the following notation:

> Page 1 of My Last Will and Testament <u>X</u>

The second page of said will contains the following:

> I am signing this Will on April 6, 1989
>
> <u>X (her mark)</u>
> Jennie Mae Jackson
>
> This will was signed before both of us. We knew that it was a will, and we were requested to be witnesses. We both witnessed the will and signed in Page 2 of My Last Will and Testament <u>X</u>.
>
> Page 2 of My Last Will <u>X</u>

-4-

The third page of the will contains the following:

> the presence of the person making the will and in the presence
> of each other on the above date
>
> /s/ Elizabeth Carothers
> /s/ John H. Carothers
>
> Page 3 of My Last Will and Testament <u>X</u>

The fourth page attached to the will contains the following:

AFFIDAVIT

> STATE OF TENNESSEE
> COUNTY OF WILLIAMSON
>
>  We swear that the above will was signed by Jennie Mae
> Jackson before us.  It was said to be a Will and we were
> requested to be witnesses.  We witnessed the Will in her
> presence and in the presence of each other.  Jennie Mae
> Jackson was more than 18 years old and was of sound mind
> when the Will was signed.
>
> /s/ Elizabeth Carothers
>
> /s/ John H. Carothers
>
> Sworn to and subscribed to before me this 6th day of April,
> 1989.
>
> /s/ T. Vance Little
> Notary public
>
> My Commission Expires: <u>1-14-92</u>

The executrix insisted to the Trial Court and insists to this Court that there is no evidence that the testatrix signified to the attesting witnesses that the instrument was her will or that the X mark was her signature or that it was placed on the will in the presence of the witnesses.

A review of the evidence is required to resolve the issue stated.

Vance Little, an attorney, testified that he prepared the will in question, that he saw the testatrix place her mark on the will, and that the two attesting witnesses were present when she did so.

Gertrude Jackson testified that she, the attesting witnesses and others were present when she saw the testatrix place her mark upon the will.

Josephine Johnson testified that she and the attesting witnesses and others were present when she saw testatrix place her mark on the will.

John H. Carothers testified that he was unable to read, that he recognized the signature of himself and his wife on the will, but that he had no recollection of the occasion when the will was signed, that he did not see the will signed, and that he was not told the contents of the document.

Elizabeth Carothers testified that the signature on the will appeared to be hers, but that she had no memory of signing it. However, she testified verbatim:

> I don't remember signing this thing. As I said, I remember having did it, but I don't remember.
>
> I remember going to her house, but I don't know what took place.
>
> Well, when he came out of there, he was telling what it said, but, other than that, I didn't know.

From the foregoing testimony, it is seen that there is evidence that the testator signed the will in the presence of the attesting witnesses that the attesting witnesses signed the attestation clause which states that they knew that the document was a will. The affidavit attached to the will states that "it was said to be a will and we were requested to be witnesses," but it does not state who said it was a will or who requested them to be witnesses.

No evidence is found that the testatrix signified to the attesting witnesses that the instrument was her will. This is an indispensable, statutory part of the attestation of a witnessed will.

In *Lawrence v. Lawrence,* 35 Tenn. App. 648, 250 S.W.2d 781 (1952), this Court held that, where there was no evidence that the testatrix signified to the attesting witnesses that the instrument was the will of testatrix, the instrument was not entitled to probate. To the same effect are *Cooper v. Austin,* Tenn. App. 1992, 837 S.W.2d 606 and *In Re: Estate of Bradley,* Tenn. App. 1991, 817 S.W.2d 320.

The judgment of the Trial Court is reversed and vacated. All costs, including costs of this appeal, are taxed against petitioners. The petition of the captioned petitioners is dismissed and Trial Court costs are taxed against the petitioners and their surety. The cause is remanded to the Trial Court for entry and enforcement of a judgment in conformity with this opinion.

Reversed, Vacated and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE