FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

September 2, 1997

Cecil W. Crowson
Appellate Court Clerk

GERTRUDE JACKSON AND JOSEPHINE          (
J. JOHNSON,                             (
                                        (
     Plaintiffs-Appellants,             (
                                        (
                                        (  Williamson Chancery
v.                                      (
                                        (  Hon. Henry Denmark Bell,
                                        (  Chancellor
HELEN PATTON, EXECUTRIX OF THE          (
ESTATE OF JENNIE MAI JACKSON,           (  S. Ct. No. 01S01-9609-CH-00177
DECEASED,                               (
                                        (
     Defendants-Appellees.              (


For Plaintiffs-Appellants:                   For Defendants-Appellees:

Daniel L. Wischhof                           Joseph F. Welborn, III
Wischhof & Allen                             Bass, Berry & Sims
Goodlettsville                               Nashville

Susan B. Evans                               Douglas S. Hale
Brentwood                                    Hale & Hale
                                             Franklin
William D. Castleman
Goodlettsville


**O P I N I O N**


JUDGMENT OF COURT OF APPEALS
REVERSED; CASE REMANDED.                                REID, J.

          This will contest case presents for review the decision of

the Court of Appeals that the trial court erred in sustaining the most recently executed instrument as the testatrix's last will and testament. For the reasons stated herein, the decision of the Court of Appeals is reversed and the judgment of the trial court is reinstated.

**I**

The testatrix, Jennie Mai Jackson, executed two instruments, both of which proclaim to be her last will and testament. The proponent of the 1977 will, which was admitted to probate in common form, is Helen Patton. She is the granddaughter of the testatrix and the sole beneficiary under the 1977 will. She is the contestant of the later instrument. The proponents of the 1989 will, which was produced after the 1977 will had been probated, are Gertrude Jackson and Josephine J. Johnson, two of the testatrix's several children. The testatrix's heirs, per stirpes, are the beneficiaries under the 1989 will.

All parties agree that the first instrument, which was executed on February 18, 1977, was properly executed and is the testatrix's last will and testament, unless it was revoked by the second instrument, which was executed on April 6, 1989. The 1989 will also is in proper form. It was prepared by an attorney, Vance Little, who testified that he had practiced law since 1965 and had written several hundred wills. It contains the testatrix's signature by her mark, an attestation clause, the signatures of two attesting witnesses, and an affidavit signed by the attesting

witnesses and a notary public. The contestant acknowledges that facially the 1989 will meets all the requirements of Tenn. Code Ann. § 32-1-104.[1] The issue made by the pleadings is whether the 1989 will was executed in the manner required by the statute. Specifically, the contestant asserts that the testatrix failed to disclose to the attesting witnesses that the instrument was her last will and testament and that the testatrix did not execute the instrument in the presence of the attesting witnesses.

The case was tried by the chancellor[2] without a jury.[3] After hearing the testimony of the lawyer who prepared the will, the proponents of the 1989 will, Mrs. Jackson and Mrs. Johnson, the proponent of the 1977 will, Mrs. Patton, and the attesting witnesses, Elizabeth Carothers and John H. Carothers, the trial court held that the 1989 instrument is the last will and testament of the deceased,

---

[1]Tenn. Code Ann. § 32-1-104:

The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:

    (1) The testator shall signify to the attesting witnesses that the instrument is his will and either:

        (A) Himself sign;
        (B) Acknowledge his signature already made; or
        (C) At his direction and in his presence have someone else sign his name for him; and
        (D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses.

    (2) The attesting witnesses must sign:

        (A) In the presence of the testator; and
        (B) In the presence of each other.

[2]No issue is made regarding the jurisdiction of the chancery court to hear a will contest. See Tenn. Code Ann. § 32-4-109 (Supp. 1996).

[3]Since 1992, an issue devisavit vel non may be tried by the court if a jury is not demanded. See Tenn. Code Ann. § 32-4-107(a) (Supp. 1996).

Jennie Mai Jackson.  The court found specifically that:

> Elizabeth Carothers and John H. Carothers did subscribe his/her respective names as an attesting witness to the said paper writing; that the said paper writing was written in the lifetime of [Testator], deceased, and published, signed, and subscribed by her in the presence of the attesting witnesses; that the said [Testator] was then of sound mind; and at her request, said attesting witnesses signed said paper writing in her presence and in the presence of each other on April 6, 1989.

The Court of Appeals reversed the decision of the trial court sustaining the will, upon finding that the evidence showed the testatrix had not signified to the attesting witnesses that the instrument was her will.  The Court of Appeals held that knowledge by the attesting witnesses that the instrument was the testatrix's will did not meet the requirement of the statute if that knowledge was not acquired from the testatrix personally.  The court stated:  "No evidence is found that the testatrix signified to the attesting witnesses that the instrument was her will.  This is an indispensable, statutory part of the attestation of a witnessed will."

## II

The first matter to be considered is the standard of review on appeal.  Prior to 1992, Tenn. Code Ann. § 32-4-107 (1984) required an issue devisavit vel non be tried by a jury.  Since the 1992 amendment, trial by jury is not required but may be demanded. Tenn. Code Ann. § 32-4-107(a).  When the issues of fact have been

submitted to a jury and the jury verdict has been approved by the trial judge, findings of fact will be set aside only if there is no material evidence to support the verdict. In re Estate of Rhodes, 436 S.W.2d 429, 430-31 (Tenn. 1968); Rule 13(d), T.R.A.P.; 1 Pritchard on Wills and Administration of Estates § 393 at 587-88 (5th ed. 1994). However, where the issue has been tried by the court without a jury, the review of findings of fact is de novo upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Therefore, the Court in this case must decide whether the evidence preponderates against the trial court's finding that the 1989 will was executed according to the formalities required by the statute.

**III**

There is no dispute about the main events that occurred on April 6, 1989. The disagreements are found in the details and the significance of the testimony regarding those details. Prior to that date, the attorney, Vance Little, had prepared for the testatrix a last will using information given to him by another lawyer in his firm. At that time, the testatrix was 80 years of age and used a wheelchair. She was physically unable to write her name, and for some time she had signed checks and apparently otherwise made her signature by writing her mark. The contested instrument was executed in the living room of the testatrix's residence. Prior to the execution of the instrument, Mr. Little spent approximately 15 minutes with the testatrix alone. Then she, Mr. Little, Mrs. Jackson, Mrs. Johnson, another daughter, Mrs. McCoy,

Mr. Carothers and Mrs. Carothers gathered in the living room. Mr. Little presented the instrument to the testatrix, who then made an "X" on the signature line immediately below the last paragraph of the instrument, which states, "I am signing this will on April 6, 1989." Then, Mr. and Mrs. Carothers signed immediately below the attestation clause, which provides:

> This Will was signed before both of us. We knew that it was a Will, and we were requested to be witnesses. We both witnessed the Will and signed in the presence of the person making the Will and in the presence of each other on the above date.

Mr. and Mrs. Carothers also signed the affidavit of attestation. The affidavit states:

> We swear that the above Will was signed by Jennie Mai Jackson before us. It was said to be a Will and we were requested to be witnesses. We witnessed the Will in her presence and in the presence of each other. Jennie Mai Jackson was more than 18 years old and was of sound mind when the Will was signed.

Mr. Little then signed the affidavit as a notary public.

The contestant asserts two narrow factual issues which she says were not proven and which therefore render the execution fatally defective - the testatrix failed to signify to the attesting witnesses personally that the instrument was her will and the attesting witnesses did not witness the testatrix sign her mark on the will. For these propositions, the contestant relies upon the

-6-

testimony of the attesting witnesses.

The evidence shows that Mr. Carothers cannot write except to sign his name and he cannot read, although he recognizes his signature and the signature of Mrs. Carothers. The evidence also shows that Mrs. Carothers has difficulty seeing but she is able to recognize her signature. Mr. and Mrs. Carothers testified that they recognized their signatures on the contested instrument, but they testified they did not remember signing it. They remembered going to the testatrix's house and they remembered that one daughter was present at the time. Mr. Carothers stated he knew all the daughters but had forgotten their names. In response to the question, "Did anybody ever explain to you what that document was?", Mrs. Carothers answered: "Well, when he came out of there, a lawyer came out there, he was telling what it said, but other than that, I didn't know." Mrs. Carothers, after identifying her signature, added: "If it's my signature, I had to do it, I guess." Mr. and Mrs. Carothers also testified that they did not read the attestation clause or the affidavit and that no one read those provisions to them. Mr. and Mrs. Carothers testified they did not see Mrs. Jackson sign the instrument; however, their testimony was not unequivocal, as Mrs. Carothers stated: "She could have did it," "I'm remembering back." When asked on cross-examination, "Did you know what document that you were signing?", she replied, "No." (Emphasis added.)

The contestant asserts that the testimony of the attesting witnesses in this case constitutes denials of their attestations, which causes the presumption of due execution, arising from the

attestation clause, to fail. The contestant further asserts that in the absence of the presumption, clear and convincing proof of execution is required in order to sustain the will, and that such proof is lacking in this case. She, therefore, concludes that the instrument fails as a will.

The contestant rightly states that the presence of the attestation clause creates a presumption that the instrument was properly executed. However, the record does not support the contestant's contention that she has carried the burden of proving the will was not executed according to the formalities of the statute.

The proponent of a will in a will contest is required to produce the subscribing witnesses if they can be found. Tenn. Code Ann. § 32-4-105; <u>Jones v. Arterburn</u>, 30 Tenn. 97, 103 (1850); <u>Wheeler v. Parr</u>, 3 Tenn. Civ. App. 374, 381 (1912). However, the proponent, by offering the testimony of the subscribing witnesses, does not vouch for their credibility nor is the proponent bound by their testimony. 1 <u>Pritchard on Wills and Administration of Estates</u> § 348 at 531 (5th ed. 1994). An instrument may be sustained as the decedent's last will and testament in opposition to the testimony of the subscribing witnesses. The rule applicable to this case is well stated in <u>Whitlow v. Weaver</u>, 478 S.W.2d 57, 60-61 (Tenn. Ct. App. 1970):

> [T]he general rule is that the proponents of a
> will establish a prima facie case as to its due
> execution when the genuineness of the signatures

of the testator and subscribing witnesses along with an attestation clause containing recitations of due execution is shown. Such a prima facie case in favor of the due execution of a will is not abandoned by presenting testimony of living witnesses which is otherwise.

That court continued:

. . . Thus it is held that by virtue of the presumption the burden of going forward with the evidence shifts from the proponent of the will whose execution is at issue to the contestants.

The presumption is rebuttable, but it is established that, to overcome the presumption, the contestant must present "clear and satisfactory" proof of lack of due execution.

Id. at 61 (quoting from annotation, 40 A.L.R.2d 1225).

The evidence presented by the contestant in this case does not overcome the presumption of due execution. It is admitted that the instrument bears the signature of the testatrix and the signatures of Mr. and Mrs. Carothers as attesting witnesses. The testimony of Mrs. Jackson and Mrs. Johnson shows that the instrument was signed by the testatrix and also by Mr. and Mrs. Carothers, and that each signed in the presence of the other.

The fatal defect in the proof found by the Court of Appeals was that the testatrix failed to signify to the witnesses that the instrument was her will. The Court of Appeals found this to

be "an indispensable, statutory part of the attestation of a witnessed will." The law is clear that for the execution to be valid, the subscribing witness must know that the instrument is a will. Cooper v. Austin, 837 S.W.2d 606, 611-13 (Tenn. Ct. App. 1992); Lawrence v. Lawrence, 250 S.W.2d 781, 784 (Tenn. Ct. App. 1957). However, the law is equally clear that a formal declaration by the testatrix is not necessary. In Miller v. Thrasher, 251 S.W.2d 446, 447 (Tenn. Ct. App. 1952), the assignment of error was identical to the finding by the Court of Appeals in the present case. The opinion in that case reflects the applicable rule of law:

> Under our statute it is not essential that an express request be made by the testator to the attesting witnesses that they witness his will. The statute sets out that he shall signify to them that the instrument is his will, and this may be implied from his acts and conduct and from the facts and attending circumstances. . . .
>
> . . .
>
> . . . In this State evidence of due execution of a will is not confined to the attesting witnesses but may be proved by other competent evidence including the testimony of persons who were not subscribing witnesses but were present at the execution of the will.

Id. at 448-49; see In Re Estate of Bradley, 817 S.W.2d 320 (Tenn. Ct. App. 1991); Pritchard on Wills and Administration of Estates § 213 at 352 (5th ed. 1994).

In this case the circumstances show that the purpose of the meeting on April 6, 1989 was the execution of the testatrix's will. Both Mrs. Johnson and Mrs. Jackson testified that the testatrix requested her three daughters, the lawyer, and the

attesting witnesses to be present, to "see her make a new will." Mrs. Carothers, despite her denials, stated, "He [the lawyer] was telling what it said." The lawyer had just spent some time alone with the testatrix and had possession of the instrument to be executed. This evidence is a sufficient basis for the conclusion that the lawyer identified the instrument and the purpose of the occasion.

Neither Cooper v. Austin, 837 S.W.2d 606 (Tenn. Ct. App. 1992) nor Lawrence v. Lawrence, 250 S.W.2d 781 (Tenn. Ct. App. 1957) supports the contestant's position. In Cooper, the only evidence on which the proponents could rely to prove that the subscribing witnesses knew the instrument executed was a will, was the testimony of the attesting witnesses and the notary public. Cooper, 837 S.W.2d at 607-10. The proof, as found by the court, was: "there is uncontroverted, affirmative proof that Dr. Bisson did not signify to at least one attesting witness that the instrument to be witnessed was his will or a codicil thereto." Id. at 613. The inescapable conclusion on the facts of that case was that at least one attesting witness did not know the instrument was a will. In the case before the Court, however, the surrounding circumstances suggest that all interested parties knew the instrument was the testatrix's will.

In Lawrence, the will had no attestation clause and the testatrix did not signify to the attesting witnesses that the instrument was her will. Lawrence, 250 S.W.2d at 782, 784. Moreover, the testimony of the only surviving witness showed that she did not know that the instrument was the will of the testatrix. Id.

at 784.  The Court, therefore, found that, "[b]y the uncontradicted evidence before us that essential requisite of the execution of a valid will is lacking."  Id.

The Court concludes that the contestant has failed to show that the will was not duly executed.  Therefore, the evidence does not preponderate against the trial court's finding that the instrument dated April 6, 1986 is the testatrix's last will and testament.

The decision of the Court of Appeals is reversed, and the case is remanded to the trial court for further proceedings.

The costs are assessed against the contestant, Helen Patton.

_____
Reid, J.

Concur:

Anderson, C.J., Drowota, Birch,
  and Holder, JJ.